IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ROBERT ANDERSON, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | |
| § | Civil Action No. | 1:21-cv-610 |
| TRANSAMERICA LIFE INSURANCE § | | |
| CO., § | | |
| § | | |
| Defendant. § | | |
| § | | |

## NOTICE OF REMOVAL

Defendant Transamerica Life Insurance Company ("TLIC") files this Notice of Removal against Plaintiff Robert Anderson pursuant to 28 U.S.C. §§ 1441 and 1446, as follows:

### I.  COMMENCEMENT AND SERVICE

1. On June 14, 2021, Plaintiff commenced this action by filing Plaintiff's Petition ("Petition") in the 207th Judicial District Court of Hays County, Texas, styled *Robert Anderson v. Transamerica Life Insurance Company*, Cause No. 21-1407. *See* Petition (attached hereto as Exhibit 1).

2. Through its registered agent, TLIC was served by certified mail on June 21, 2021. *See* Citation & Envelope sent by certified mail addressed to TLIC (attached hereto as Exhibit 2).

3. TLIC filed an Original Answer in state court on July 9, 2021. *See* TLIC's Original Answer (attached hereto as Exhibit 3).

4. This Notice of Removal is timely filed within thirty days of the receipt of a copy of the initial pleading and service of process, from which it was ascertained that the case is removable, pursuant to 28 U.S.C. § 1446(b). This Notice of Removal is also filed within one year of the commencement of this action and is thus timely pursuant to 28 U.S.C. § 1446(c).

## II.	GROUNDS FOR REMOVAL

5.	TLIC is entitled to remove the state court action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because this action is a civil action involving an amount in controversy exceeding $75,000.00 between parties of diverse citizenship.

6.	Further, removal of the state court action to this Court is proper under 28 U.S.C. § 1441(a) because this Court's district and division embraces the 207th Judicial District Court of Hays County, Texas.

7.	Based upon the allegations in the Petition, TLIC's records, and publicly available information, Plaintiff is a resident of Hays County, Texas and has been at all times relevant to this Notice of Removal a citizen of and domiciled in the State of Texas for diversity purposes. *See* Petition at 1.[1]

8.	For purposes of determining diversity jurisdiction, TLIC is an insurance company incorporated under the laws of Iowa with its home office and corporate headquarters in Iowa, from which management directs, controls and coordinates most of the company's activities. Therefore, TLIC is a citizen of Iowa for diversity jurisdiction purposes.[2]

9.	No change of citizenship has occurred since commencement of the state court action. Accordingly, diversity of citizenship exists between the parties to the litigation.

---

[1] A natural person has the citizenship of the place of his domicile. *Galladora v. Waffle House, Inc.*, No. CV 16-1618, 2016 WL 3136229, at *1 (E.D. La. June 6, 2016) (quoting *MAS v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974)) ("Citizenship of a natural person, for the purpose of determining diversity, means domicile. A person's domicile is the place of 'his true, fixed and permanent home.'").

[2] A corporate party can have the citizenship of the state of incorporation and the citizenship of the state of its principal place of business. *See Allstate Fire & Cas. Ins. Co. v. LG Elecs. U.S.A., Inc.*, No. 1-15-CV-136 RP, 2015 WL 13298177, at *2 (W.D. Tex. Apr. 2, 2015) (citing 28 U.S.C. § 1332(c)(1)) ("the language of the statute governing diversity jurisdiction makes clear a corporation is a citizen of both the state in which it is incorporated and the state where it has its principal place of business.").

### III. AMOUNT IN CONTROVERSY

10. Where a petition does not include a specific monetary demand, the defendant must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1446(c)(2); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995)). "This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Manguno*, 276 F.3d at 723 (citations omitted). Courts in the Fifth Circuit use a "common-sense approach . . . to determine whether the jurisdictional amount has been satisfied." *Wilson v. Hibu Inc.*, Civ. A. No. 3:13–CV–2012–L, 2013 WL 5803816, at *4 (N.D. Tex. Oct. 28, 2013) (citing *Luckett v. Delta Airlines,* 171 F.3d 295, 298 (5th Cir. 1999)).

    **a. Plaintiff's allegation that he seeks less than $75,000 in damages must be disregarded.**

11. Under well-established precedent and the Texas Rules of Civil Procedure, Plaintiff's allegation that he seeks less than $75,000 in damages, Petition at 7, must be disregarded because "Texas law simply does not permit a plaintiff to plead that he or she seeks damages not to exceed $75,000." *Chavez v. State Farm Lloyds*, No. 7:15-CV-487, 2016 WL 641634, at *2 (S.D. Tex. Feb. 18, 2016), *aff'd*, 746 F. App'x 337 (5th Cir. 2018). "Thus, a specific demand such as Plaintiff's cannot be deemed the amount in controversy because '[s]uch manipulation is surely characterized as bad faith.'" *Id.* (quoting *Garcia v. Kellogg USA, Inc.*, No. 7:13-CV-00347, 2013 WL 4735169, at *1 (S.D. Tex. Sept. 3, 2013)).

12. Texas Rule of Civil Procedure 47(c) requires that a pleading "shall contain . . . a statement that the party seeks: (1) only monetary relief of $250,000 or less, excluding interest,

statutory or punitive damages and penalties, and attorney fees and costs; (2) monetary relief of $250,000 or less and non-monetary relief; (3) monetary relief over $250,000 but not more than $1,000,000; (4) monetary relief over $1,000,000; or (5) only non-monetary relief. . . ."

13.   Courts have routinely held that a plaintiff violates Rule 47 and acts in bad faith when he pleads that he seeks less than $75,000 in damages because this rule "prohibits pleading a specific amount of damages rather than the prescribed ranges." *Gates Gates v. Allstate Texas Lloyd's*, 267 F. Supp. 3d 861, 867 (W.D. Tex. 2016); *see also Ford v. United Parcel Serv., Inc.*, No. 3:14–CV–1872–D, 2014 WL 6491446, at *7 (N.D. Tex. Nov. 20, 2014) ("[T]he court stands by its conclusion that the sum claimed by [the plaintiff][i.e. damages of $74,000] was not made in good faith."); *Wilson*, 2013 WL 5803816, at *5–6 ("[The] [p]laintiff believes that ... rule [47] provides her a means to avoid federal jurisdiction, yet the plain language of the rule has no provision for a plaintiff limiting her damages to $75,000 or less.  Had [the] [p]laintiff properly followed Rule 47, she would not have included the '$75,000 or less' language, as the rule is quite specific as to what a party must set forth with respect to the monetary relief he or she seeks.").

14.   Applying Rule 47, courts routinely disregard a plaintiff's allegation about seeking less than $75,000 in damages and instead analyze the face of the petition to determine whether the claims are likely to exceed $75,000.  *See Gates Gates*, 267 F. Supp. 3d at 868 ("the Court finds that the Magistrate Judge's decision to disregard Plaintiffs' pleading for 'only monetary relief aggregating less than $75,000' because it violated Rule 47 and was made in bad faith is correct."); *Chavez*, 2016 WL 641634, at *2 (holding that "Plaintiff's specific sum [pleaded in the complaint] does not control the Court's analysis" where plaintiff violated Rule 47).

15. Plaintiff's Petition alleges that Plaintiff seeks "less than $75,000 including all actual and punitive damages." Petition at 7. Because this allegation does not comply with Texas Rule of Civil Procedure 47, this allegation must be disregarded.

### b. Plaintiff seeks $50,000 in actual damages.

16. Plaintiff alleges that the Plaintiff was the owner of a life insurance policy with a $50,000 death benefit. Petition at 2. Plaintiff's Petition thus seeks "actual damages" of the $50,000 death benefit under the Policy. *See id.* at 5 ("[i]n being constructively forced [by TLIC] to abandon the Policy and the benefits provided [i.e. of a $50,000 death benefit], Plaintiff has suffered damages.").

### c. Plaintiff seeks unspecified punitive damages, and "even a minimum award of punitive damages would satisfy the jurisdictional requirement."

17. Plaintiff's Petition also seeks punitive damages under Cal. Civ. Code § 3294. Petition at 7. "[T]he Fifth Circuit has held that punitive damages are 'to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law....'" *Chavez*, 2016 WL 641634, at *3 (quoting *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).

18. Jury verdicts in insurance bad faith cases under California law in which punitive damages are proven up and awarded can exceed $100,000. As just one example, in *Filippo Indus., Inc. v. Sun Ins. Co. of New York*, 74 Cal. App. 4th 1429, 1434, (1999), as modified (Oct. 20, 1999), the jury awarded plaintiff $850,000 in breach of contract damages (the remaining balance of the policy limit) and in addition, tort damages for bad faith of $4.125 million and punitive damages of $750,000. Some juries considering such claims have awarded even more in punitive damages. *See Nichols v. Colorado Bankers Life Ins. Co.*, No. EDCV 12-793 JVS (SPX), 2012 WL 13018364, at *3 (C.D. Cal. July 23, 2012) (holding amount in controversy

satisfied given that punitive damages in certain California insurance bad cases were "far greater than $75,000," including one case in which jury awarded $325,000 in punitive damages and another in which the jury awarded $1.75 million in punitive damages).

19. Further, "courts often apply a four-to-one ratio in remitting punitive damages awards, which would result in an estimated $200,000 award in this case." *Campbell v. Hartford Life Ins. Co.*, 825 F. Supp. 2d 1005, 1009 (E.D. Cal. 2011) (citing *State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408 (2003); *BMW of North America, Inc. v. Gore,* 517 U.S. 559 (1996)).

20. In *Campbell*, the plaintiff brought a bad faith claim under California law against an insurer, alleging that the plaintiff sustained "at least $50,000 in general damages" based on the insurer's failure to pay death benefits insuring the life of her husband. 825 F. Supp. 2d at 1007. Citing other "jury verdicts with substantial punitive damages awards" and the above-mentioned four-to-one ratio, the court in *Campbell* held that the amount in controversy was satisfied, given that "even a minimum award of punitive damages would satisfy the jurisdictional requirement." *Id.* at 1009.

21. Like in *Campbell*, Plaintiff seeks at least $50,000 in compensatory damages as well as punitive damages for bad faith. Thus, "even a minimum award of punitive damages would satisfy the jurisdictional requirement." *Campbell*, 825 F. Supp. 2d at 1009; *see also Chavez*, 2016 WL 641634, at *3 (amount in controversy satisfied where plaintiff sought economic damages of approximately $41,000 and state law allowed exemplary damages equal to two times economic damages).

22. The California Elder Abuse Act also authorizes an award of punitive damages. *See Sakai v. Merrill Lynch Life Ins. Co.*, No. C-06-2581 MMC, 2008 WL 4193058, at *8 (N.D. Cal. Sept. 10, 2008) (citing Cal. Welf. & Inst. Code § 15657.5(b)). Juries have awarded plaintiffs

bringing California Elder Abuse Act claims hundreds of thousands (or even millions) of dollars in punitive damages in cases against an insurer or where the plaintiff alleges the defendant misrepresented the terms of a financial transaction. *See Hartshorne v. MetLife, Inc.*, No. BC576608, 2017 WL 10237931, at *4 (Cal. Super. May 30, 2017) (awarding $2,398,903.60 in punitive damages based on defendant MetLife's violation of the Elder Abuse Act and aiding and abetting deceit); *O'Laverty v. Far*, No. CIVDS1503058, 51 Trials Digest 20th 31, 2016 WL 10706615 (Cal. Super. Sep. 6, 2016) (awarding $500,000 in punitive damages in action alleging negligent misrepresentation and financial elder abuse).

### d. Plaintiff seeks attorney's fees, which also bring this case above the threshold for the amount in controversy.

23.     Further, in determining the amount in controversy, the Court considers other items for which a defendant can be liable under state law, including attorney's fees. *Perez v. Blue Cross Blue Shield of Texas a Div. of Health Care Serv. Corp.*, No. 3:05-CV-1368-M, 2005 WL 8158211, at *2 (N.D. Tex. Dec. 12, 2005) (citation omitted). Plaintiff's Petition seeks attorney's fees, Petition at 8, which can be recoverable under California law for claims alleging breach of the duty of good faith and fair dealing and under California's Elder Abuse Act. *See Lennar Mare Island, LLC v. Steadfast Ins. Co.*, No. 2:12-CV-2182-KJM-KJN, 2015 WL 1540631, at *4 (E.D. Cal. Apr. 7, 2015); *Guerard v. CNA Fin. Corp.*, No. C 09-01801 SBA, 2009 WL 10710608, at *4 (N.D. Cal. July 31, 2009).

24.     Plaintiff's counsel, Eric L. Grogan, charges an hourly rate of $200-300/hour. *See* Eric L. Grogan Avvo Profile (attached hereto as Exhibit 4) (available at https://www.avvo.com/attorneys/78752-tx-eric-grogan-5088401.html#payments). Regardless of what legal fees Plaintiff ultimately incurs, given that Plaintiff already seeks $50,000 in actual damages plus punitive damages, "even a minimal award of attorney's fees would cause the

amount in controversy to exceed the jurisdictional minimum." *Campbell*, 825 F. Supp. 2d at 1009.

25. Accordingly, both the Petition and the attached evidence establish that the total amount in controversy exceeds the sum of $75,000.00, and this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

### IV.   VENUE

26. Venue lies in the Western District of Texas, Austin Division, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because Plaintiff filed the state court action in this judicial district and division.

### V.   CONSENT TO REMOVAL

27. No consent to removal is necessary because TLIC is the only defendant.

### VI.   NOTICE

28. TLIC will give notice of the filing of this removal to all parties of record pursuant to 28 U.S.C. § 1446(d). TLIC will also file with the clerk of the state court, and will serve upon Plaintiff's counsel, a notice of the filing of this Notice of Removal.

### VII.   COPIES OF STATE COURT PLEADINGS

29. Copies of all state court pleadings are attached to this Notice of Removal. This case is being removed from the 207th Judicial District Court of Hays County, Texas, 712 S. Stagecoach Trail, San Marcos, Texas 78666.

### VIII.   EXHIBITS TO NOTICE OF REMOVAL

30. The following documents are attached to this Notice as correspondingly numbered exhibits:

Exhibit 1:   Plaintiff's Petition (with page numbers added solely for ease of reference)

Exhibit 2:   Citation & Envelope sent by certified mail addressed to TLIC

Exhibit 3:     TLIC's Original Answer

Exhibit 4:     Eric L. Grogan Avvo Profile

Exhibit 5:     Civil Cover Sheet

## IX.     ADOPTION AND RESERVATION OF DEFENSES

31.     Defendant TLIC reserves the right to supplement this Notice by adding any jurisdictional defenses which may independently support a basis for removal.

## X.     CONCLUSION

WHEREFORE, Defendant TLIC, pursuant to the statutes cited herein and in conformity with the requirements set forth in 28 U.S.C. § 1446, removes this action from the 207th Judicial District Court of Hays County, Texas to this Court.

Dated: July 9, 2021

Respectfully submitted,

By: /s/ *Erin B. Taylor*
Erin B. Taylor
State Bar No. 24082681
Ryan Goodland*
State Bar No. 24087604
MCDOWELL HETHERINGTON LLP
1001 Fannin, Suite 2700
Houston, TX 77002
erin.taylor@mhllp.com
ryan.goodland@mhllp.com
Telephone: (713) 337-5580
Facsimile:  (713)-333-5989
*W.D. Tex. admission pending

*Attorneys for Defendant Transamerica Life Insurance Company*

## CERTIFICATE OF SERVICE

      I hereby certify that on July 9, 2021 a true and correct copy of the foregoing was served on the following counsel of record by certified mail, return receipt requested:

Eric L. Grogan
Grogan Law, PLLC
7600 Chevy Chase Dr
Suite 300
Austin, TX 78752

                                                  /s/ *Erin B. Taylor*
                                                      Erin B. Taylor